By the Court.
The constitution of the state guarantees to every person accused of crime “a.speedy public trial before an impartial jury.” The right of appeal or to a review by proceedings in error is statutory (Wagner v. The State, 42 Ohio St., 537) and, when the right is given, it is a rule of interpretation that the right is given only to the defendant and not to the state, (State v. Simmons, 49 Ohio St., 305), consequently, if a trial court misconceived or misapplied the law, it might be impossible in that court to *194 secure a conviction of a similar offense, wherefore it is provided by section 7305, Revised Statutes, and the several sections following, that the prosecuting attorney may except to any decision of the court and apply to the supreme court for permission to file his bill of exceptions, for the decision of that court upon the points presented therein. And it is made the duty of the court, if it be of opinion that the questions presented should be decided, to allow the bill of exceptions to be filed and to render a decision upon the questions presented. But section 7308, Revised Statutes, expressly provides that ‘ ‘ The judgment of the court in the case in which the bill was taken shall not be reversed, nor in any manner affected; but the decision in the supreme court shall determine the law to govern in any similar case. ’ ’
Whether or not the rendition of a final judgment was, in the contemplation of the general assembly, to precede the filing of the bill of exceptions, the court may, as a rule, require it; for in no other way can it make sure that its decision will in no manner affect the judgment in the case in which the bill is taken, and since the decision is not in any manner to affect the judgment in the case in which the exceptions are taken, no reason is suggested or presents itself why the bill of exceptions should be permitted to be filed before the prosecution is ended; whereas reasons of convenience, as well as an observance of the legislative mandate, suggest that as the better practice.
Without intending any reflection upon the trial judge or the prosecuting attorney, it may be said that it is not at all improbable that other questions, which it is desired to have decided, will arise in the case, and it would be better to have them all presented at the same time.
*195 So far as appears from the record before us, the plea in abatement and the indictment may be still undisposed of, indeed it was so stated on the presentation of the application, and in his written acknowledgment of the notice of the application the trial j'udge requests that the application be allowed and that the question be decided by the court, at its earliest convenience. This would seem to indicate that an early decision might affect the judgment in the case and to require a refusal of permission to file the bill of exceptions at this time.
Application by the prosecuting attorney for leave to file bill of exceptions overruled.
. Overruled.
Davis, C. J., Shauck, Price, Crew, Summers and Spear, JJ., concur.